UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LISA R. PARADIS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:14-cv-00307-JDL |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| | ) |
|     Defendant | ) |

## RECOMMENDED DECISION[1]

In this action, Plaintiff Lisa R. Paradis seeks disability insurance benefits under Title II and supplement security income benefits under Title XVI of the Social Security Act. Defendant Commissioner found that Plaintiff has severe mental impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

As explained below, following a review of the record, and after consideration of the parties' written and oral arguments, the recommendation is that the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the May 28, 2013, decision of the Administrative Law Judge (ALJ) (ECF No. 13-2).[2] The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.[3]

---

[1] The Court referred the matter for report and recommended decision.

[2] The Appeals Council found no reason to review the ALJ's decision. (R. 2, PageID # 36.)

[3] In summary, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment from the

The ALJ determined that Plaintiff's severe impairments consisted of the following mental impairments: post-traumatic stress disorder/anxiety disorder and bipolar disorder/affective disorder, which impairments are not sufficiently severe to satisfy the criteria of the Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P.  (ALJ Decision ¶¶ 3 – 4.)  The ALJ further concluded that Plaintiff has a residual functional capacity for all levels of exertion, can interact appropriately with co-workers and supervisors, can adjust to routine changes in the workplace, and can maintain on a sustained basis a full and regular work schedule of eight hours each day, forty hours per week, provided that the work involves only simple, repetitive instructions, and does not require interaction with the public.  (*Id.* ¶ 5.)  Although Plaintiff cannot perform her past relevant work, all of which required public contact, the ALJ determined that Plaintiff has the residual functional capacity to perform other work existing in substantial numbers in the national economy.  (*Id.* ¶ 6.)

## PLAINTIFF'S STATEMENT OF ERRORS

Plaintiff argues that the ALJ erred when she found that Plaintiff has the capacity to maintain full-time employment.  According to Plaintiff, her mental impairments prevent her from leaving home except on an occasional basis, interfere with her ability to engage in tasks such as shopping, regularly prevent her from socializing with family and friends, and are not controlled by medication. (Pl.'s Statement, ECF No. 21.)  Plaintiff also asserts that in February 2015, more than a year after the ALJ issued her decision, Plaintiff threatened to take her life.  (*Id.*)

---

date of the alleged onset of the disability (October 15, 2009); at step two, the ALJ determined that Plaintiff has severe impairments of post-traumatic stress syndrome/anxiety disorder and bipolar disorder/affective disorder; at step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; prior to assessing step four, the ALJ determined that Plaintiff had an RFC that permitted her to perform a full range of work with certain non-exertional limitations; at step four, the ALJ found that Plaintiff was unable to perform any past relevant work; and at step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform.

## DISCUSSION

**A.     Standard of Review**

A court must affirm the administrative decision provided that the ALJ applied the correct legal standards and provided that the decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**B.     Analysis**

Preliminarily, in her written argument and at oral argument, Plaintiff focused in large part on her current situation, and referenced situations or instances that occurred after her hearing with the ALJ and after the ALJ issued her decision. Importantly, the record that the Court must review is limited to the record before Defendant during its administrative review. While the Social Security Act permits the Court to remand a claim and order the Administration to consider new evidence, *see* 42 U.S.C. § 405(g), the evidence must be more than cumulative and must support a reasonable inference that the administrative decision might have been different had the evidence been considered. *Falu v. Sec'y of Health and Human Servs.,* 703 F.2d 24, 27 (1st Cir. 1983). Additionally, the evidence must be material to the period under review, and not simply evidence of a new disability. *McDonald v. Soc. Sec. Admin. Comm'r*, No. 1:09-CV-473-JAW, 2010 WL 2680338, at *2, 2010 U.S. Dist. Lexis 73686, at *7 (D. Me. June 30, 2010) (Mag. J. Rec. Dec.,

adopted July 20, 2010) (citing *Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir. 1988)). Plaintiff asserts in her statement of errors that she threatened to take her own life on February 20, 2015, suggesting that her condition might have changed after the hearing before the ALJ. (ECF No. 21, PageID # 845.) While Plaintiff attached some records to her fact sheet (ECF No. 19), the attached records do not concern matters that occurred after the ALJ issued her decision. Instead, the attached records reflect treatment from 2001, long before Plaintiff's alleged onset date. Plaintiff thus has failed to make the showing necessary to support a remand to take additional evidence. As discussed during the hearing, and as Defendant notes in the written opposition to Plaintiff's statement of errors (Def.'s Opp. at 6 – 7), if Plaintiff does not ultimately prevail in this matter, and if she believes that her condition has worsened following the hearing before the ALJ, Plaintiff can file a new application for benefits based on a time period following the hearing.

In essence, Plaintiff challenges the ALJ's assessment of her mental residual functional capacity, and whether she has the ability to sustain full-time work activity and to interact socially with others in the workplace. As part of the assessment, the ALJ relied on opinions offered by consulting medical experts who, after a review of Plaintiff's medical records, concluded that Plaintiff retains the capacity for substantial gainful activity involving simple tasks and no public exposure. (Burkhart, Ph.D., Ex. 5A, R. 96, PageID # 131; Kang, M.D., Exs. 5F – 7F, R. 444, PageID # 483.) The ALJ also reviewed the medical record, and while acknowledging Plaintiff's prior complaints of and treatment for anxiety, post-traumatic stress disorder and depression, determined that Plaintiff's "allegations regarding her psychological symptoms and limitations are not supported by the medical record." (R. 23, PageID # 57.) The ALJ cited not only the nature of Plaintiff's medical treatment, but also her activity level as evidence of Plaintiff's work capacity. Plaintiff understandably is disappointed in the ALJ's conclusion. However, Plaintiff cites no legal basis that warrants remand of the matter. Simply stated, the ALJ's decision is supported by

substantial evidence on the record.

Although Plaintiff's statement of errors challenged the ALJ's decision as to Plaintiff's degree of mental impairment, at oral argument, Plaintiff asserted that she is also significantly limited by a shoulder impairment. First, because Plaintiff did not raise the issue in her statement of errors, Plaintiff has waived her ability to assert the issue at this stage of the proceedings. *Grivois v. Colvin*, No. 1:14-CV-68-JHR, 2015 WL 1757152, at *9, 2015 U.S. Dist. Lexis 50648, at *25 (D. Me. Apr. 17, 2015). In addition, even if the Court considered the issue, Plaintiff has not cited any record evidence to support an argument that the ALJ's findings regarding Plaintiff's shoulder impingement and its impact on Plaintiff's RFC or work capacity are erroneous.[4]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2015.

---

[4] The ALJ did not disregard Plaintiff's allegations of shoulder impairment but found that nothing in the record suggested a condition that would not be expected to resolve in relatively short order. (R. 17, PageID # 51.)